Filed 6/30/22  P. v. Majors CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>DAVID ALLAN MAJORS,<br><br>          Defendant and Appellant. | A163661<br><br>(Sonoma County<br>Super. Ct. No. SCR738054) |

David Allan Majors (appellant) appeals from a judgment following his no contest plea to misdemeanor receipt of a stolen motor vehicle.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review. (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief. We have reviewed the record, find no arguable issues, and affirm the judgment.

1

## BACKGROUND

In December 2020, appellant was charged by information with felony receipt of a stolen motor vehicle (Pen. Code, § 496d, subd. (a)). According to the preliminary hearing testimony, appellant attempted to register a stolen vehicle; appellant claimed he purchased the vehicle, but neither the seller nor the sale amount stated by appellant matched the bill of sale. In April 2021, appellant pled no contest to misdemeanor receipt of a stolen motor vehicle pursuant to a plea agreement by which appellant would be sentenced to time served with probation and a warrantless search and seizure condition.

In May 2021, appellant filed a motion to withdraw his plea on the ground that his attorney coerced him into pleading no contest. At an evidentiary hearing, appellant, represented by new counsel, testified his prior attorney told him the plea agreement was in appellant's best interest because of his "extensive" criminal history, and "made it sound like [the plea agreement] was a better deal than if I went to court." Appellant's prior attorney testified he did not imply appellant's entire criminal history would be presented to the jury and/or appellant would definitely be convicted if he went to trial, but did express concerns about the difficulty of prevailing at trial. The trial court denied appellant's motion to withdraw.

Appellant was sentenced to one year informal probation with a warrantless search and seizure condition.

Appellant filed a notice of appeal requesting a certificate of probable cause, without providing a statement of reasons supporting his request. The trial court denied the request and the clerk deemed the appeal inoperative (see Cal. Rules of Court, former rule 8.304(b)(3)). Appellant subsequently filed a second notice of appeal challenging matters occurring after the plea.

## DISCUSSION

Appellant was adequately represented by legal counsel throughout the proceedings. Appellant completed plea forms that described the constitutional rights he was waiving by entering the no contest plea, the trial court confirmed appellant understood those rights, and the court found defendant freely and intelligently waived those rights. The trial court did not abuse its discretion in denying appellant's motion to withdraw his plea. (*People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1096 [" ' "To establish good cause [to withdraw a guilty or no contest plea], it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment." ' "].)

The sentence was consistent with the plea agreement. The fine and fees were proper. The probation conditions were valid.

## DISPOSITION

The judgment is affirmed.

_____
SIMONS, J.

We concur.

_____
JACKSON, P. J.

_____
WISEMAN, J.[*]

(A163661)

_____
    [*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4